Natu J. Patel, SBN 188618
Daniel H. Ngai, SBN 302297
Ellena Nguyen, SBN 321156
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Phone:      949.955.1077
Facsimile:   949.955.1877
NPatel@thePatelLawFirm.com

Attorneys for Plaintiff,
Starbuzz Tobacco, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>GOLD STAR TOBACCO INC., a New Jersey corporation; SAMER ABDELMASEH, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 101 et seq.;<br><br>2. DECLARATORY RELIEF UNDER 17 U.S.C. §§ 102;<br><br>3. DECLARATORY RELIEF RE: INELIGIBILITY TO REGISTER USPTO TRADEMARK APPLICATION SERIAL NO. 87818151; AND<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

PLAINTIFF, Starbuzz Tobacco, Inc. complains and alleges as follows:

**PARTIES**

1.     Plaintiff, Starbuzz Tobacco, Inc., ("Plaintiff" or "Starbuzz"), is now, and at all times relevant herein was, a corporation organized under the laws of the State of California.  Currently, its principal place of business is in the City of Foothill Ranch, California.

**The Defendants.**

2.     Starbuzz is informed and believes, and on that basis alleges, that Defendant, Gold Star Tobacco Inc. ("Gold Star"), is now, and at all times relevant herein was, a New Jersey corporation with a principal place of business located at 701 Hartle St., Ste 710, in Sayreville, New Jersey 08872.

3.     Starbuzz is informed and believes, and on that basis alleges, that Defendant, Samer Abdelmaseh, ("Samer"), is an individual who is now, and at all times relevant herein was, a citizen or permanent resident of the United States, who is domiciled in the state of New Jersey.

4.     Starbuzz is informed and believes, and on that basis alleges, that Samer is an owner of Gold Star and is responsible for controlling and/or directing its activities.  Gold Star and Samer are collectively referred herein as "Defendants."

5.     Starbuzz is informed and believes, and on that basis alleges, that Defendants are responsible for each of their acts and for their conduct, which are the true legal causes for the damages herein alleged.

## DOE ALLEGATIONS

6.     The true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 10, inclusive, are unknown to Plaintiff at this time, and Plaintiff, therefore, sues said defendants by such fictitious names.  Plaintiff will ask leave of Court to amend this Complaint when the same shall have been ascertained.  Plaintiff is informed and believes, and based thereon alleges that each DOE defendant was responsible intentionally, or in some other actionable manner, for the events and happenings referred to herein, which proximately caused injury and damage to Plaintiff, as hereinafter alleged.

7.     Any reference to "Defendants" shall refer to each named defendant and all DOE defendants, and to each of them.

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction over this action pursuant to 17 U.S.C. § 301 and 28 U.S.C. §§ 1331 and 1338, in that this Complaint raises federal questions under the Federal Copyright Law, 17 U.S.C. § 101 et seq.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

9.     The Court has personal jurisdiction over Defendants because they have purposefully engaged in business activities in and directed to California, and they have committed tortious acts within the State.  Specifically, Defendants have sold and/or are currently selling products bearing a copyrighted logo owned by Starbuzz, throughout the United States, including the State of California.  Since Defendants had actual knowledge that the copyrighted logo was created by Starbuzz, Defendants knew, or should have known, that their infringing activities were directed towards California, and the effect of those activities would be felt in California.

10.     The Court also has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.  Plaintiff's Complaint arises out of those commercial activities.

11.     Venue is proper in this district under 28 U.S.C. §§ 1391 (b) and (c) in that substantial injury occurred and continues to occur in this district, a substantial portion of the events that are the subject of this action took place in this district, and Defendants are doing business within this judicial district.

**AGENCY**

12.     At all times herein mentioned, each Defendant was the agent, servant, joint venturer, partner or employee of the other Defendants, successor

corporations, successors in interest, or entities and, in doing the things herein alleged, was acting within the purpose and scope of said agency or employment at the time of the incident.  All Defendants were acting within the scope and course of that agency and employment and with the knowledge and implied and/or express consent and permission of the other Defendants.

## **ALTER EGO**

13.     Starbuzz is informed and believes, and on that basis alleges, that Samer is, and at all times relevant hereto was, an owner and operator of Gold Star. Samer maintains such pervasive authority and control over Gold Star such that he directs and controls it.

14.     There is a unity of interest and ownership between Samer and Gold Star, such that separate entities do not exist.  Moreover, Samer operates Gold Star to his own benefit with the specific intent of unfairly competing with Starbuzz.

15.     Plaintiff is informed and believes, on that basis alleges, that the identities of Samer and Gold Star are in substance one and the same, and that Gold Star is the alter ego of Samer, acting solely as a conduit for the performance of Gold Star, and as a device to cause harm or prejudice to those dealing with him.

16.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Gold Star is undercapitalized, that Samer treated its assets as his own, that Samer failed to keep separate bank accounts for Gold Star, and that

Samer comingled his personal funds with Gold Star.

17.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Samer also ignores the separate existence of Gold Star in numerous ways including, but not limited to, its failure to conduct regular meetings of members and its failure to obtain the members' written consent or approval of company actions.

18.     If the actions of Gold Star are considered alone, an inequitable result will follow such that Samer, as the principal who has directed it to injure Plaintiff, will avoid liability.

19.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Samer participated in, was aware of, and acquiesced in the fraudulent practices of Gold Star, and as a tortfeasor, would be jointly and severally liable for such violations.

20.     Samer's actions are directly attributable to Gold Star.  Hereinafter, any actions alleged to be conducted by Gold Star are intended to refer to Samer personally, and on behalf of Gold Star.

## **INTRODUCTION**

21.     This case is about Defendants' egregious infringement of Starbuzz's intellectual property rights, and other violations of federal and state law.  It is egregious because Defendants have intentionally adopted and used artwork that is

identical or substantially similar to Starbuzz's copyrighted material with blatant disregard for Starbuzz's intellectual property rights.

22.     Defendants are not affiliated with Starbuzz in any way and do not have Starbuzz's permission to use the copyrighted material or infringing mark. Defendants are aware that their actions are specifically prohibited and are on notice that Starbuzz has not consented to their actions in any way.

23.     By this Complaint, Starbuzz seeks to prevent further deception and to protect its intellectual property from intentional copying and infringement.

## FACTS

## STARBUZZ'S CREATION AND OWNERSHIP OF THE COPYRIGHTED DESIGN

24.     Since 2005, Starbuzz has been a manufacturer and supplier of, among other things, high-quality shisha tobacco products and other related products. Shisha tobacco is a type of tobacco mixed with molasses or honey that is typically used for smoking and often comes in a variety of flavors.  Over the years, Starbuzz has become one of the most popular shisha tobacco brands in the industry.

25.     In or around 2015, Starbuzz and Samer began discussing plans to enter into a business venture together for the manufacture and sale of shisha tobacco co-branded under the "Gold Star Tobacco" label.

26.     On or about November 5, 2015, Starbuzz independently finalized an original design for use in connection with the planned business venture:



("Copyrighted Design")

Attached hereto as **Exhibit A** is a copy of the Copyrighted Design.

27.    Starbuzz showed Samer the Copyrighted Design as a potential logo for the planned business venture.

28.    However, the planned business venture between Starbuzz and Defendants did not materialize.

29.    The Copyrighted Design was never shared or shown to the public. Only a small number of Starbuzz's employees who worked on the Copyrighted Design and Samer knew about the design.

30.    Starbuzz never assigned any rights to the Copyrighted Design to Defendants, or otherwise authorized Defendants to use the design.

**DEFENDANTS' WRONGFUL ACTS**

31.    In or around 2018, Starbuzz discovered that Defendants adopted a design that is identical or substantially similar to the Copyrighted Design for use in connection with Defendants' business without Starbuzz's consent:



("Infringing Design" as shown on Samer's product packaging)

32.     Starbuzz is informed and believes, and on that basis alleges, that Samer and others, including but not limited to Hany Gemian, an individual, conspired together to misappropriate Starbuzz's Copyrighted Design to create the Infringing Design for use in connection with the manufacture, sale, and/or distribution of shisha tobacco throughout the United States, including California.

33.     Starbuzz is informed and believes, and on that basis alleges, that Hany Gemian is a 50% owner of Gold Star.

34.     Starbuzz is informed and believes, and on that basis alleges, that Defendants are using and displaying the Infringing Design in connection with the sale, distribution, advertisement, and promotion of products on third-party retailer websites, storefronts on Amazon and Ebay, Instagram, and Facebook.  Copies of print-outs from Gold Star's Instagram and Facebook pages showing the Infringing Design are attached hereto as **Exhibit B**.

35.    To protect its rights, Starbuzz applied to register the Copyrighted Design in the United States Copyright Office on April 4, 2018.  Subsequently, the Copyright Office issued a Certificate of Registration for the Copyrighted Design with an effective date of April 4, 2018 (Registration No. VAu 1-313-168).  A true and correct copy of the Certificate of Registration and a picture of the Copyrighted Design are attached hereto as **Exhibit C**.

36.    At all times relevant herein, Starbuzz has been, and still is, the owner of the exclusive rights, title, and interest in the Copyrighted Design and has the full and exclusive rights to bring suit to enforce the same, including the right to recover for past infringement.

37.    Starbuzz is informed and believes, and on that basis alleges, that through Samer's participation in the failed business venture, Defendants had actual and constructive knowledge of Starbuzz's independent creation of, and ownership in, the Copyrighted Design.

38.    Notwithstanding Starbuzz's copyright in its artwork, Starbuzz is informed and believes, and on that basis alleges, that Defendants are intentionally and willfully using and displaying the Infringing Design to advertise, distribute, and sell their products throughout the United States, including California, without Starbuzz's consent.

39.     When viewed in a side-by-side comparison, the designs are undeniably similar:

   

("Copyrighted Design")          ("Infringing Design")

40.     Starbuzz has never authorized Defendants to produce, reproduce, prepare derivative works based upon, distribute, or publicly display the Copyrighted Design.

41.     Defendants' unauthorized actions, which include blatant copying of the Copyrighted Design and distribution of the Infringing Design, constitute copyright infringement under federal law.

**Defendants Unlawfully Misappropriated the Copyright Design for Use as a Trademark.**

42.     Starbuzz did not consent or otherwise authorize Defendants to use or register the Copyrighted Design or any design which is substantially similar to the Copyrighted Design, for trademark use.

43.     Nonetheless, Starbuzz is informed and believes, and on that basis alleges, that on or about March 2, 2018, Samer filed an application with the United

States Patent and Trademark Office ("USPTO") to register the Infringing Design

as a design trademark (USPTO Serial No. 87/818,151).

44.     Starbuzz is informed and believes, and on that basis alleges, that when

Samer filed the application, he was aware that he was not the owner of the

Copyrighted Design, and that Starbuzz did not authorize him to use or apply to

register Applicant's Mark.

45.     Therefore, Starbuzz is further informed and believes, and on that basis

alleges, that Samer intentionally filed the application to deceive the USPTO and

unlawfully acquire rights to the Copyrighted Design.

46.     Moreover, Starbuzz is informed and believes, and on that basis

alleges, that Samer falsely alleged in the application that he has been using the

Infringing Design since July 2, 2015, nearly four months before Starbuzz showed

him the original Copyrighted Design.  A copy of the TESS printout for the

application is attached hereto as **Exhibit D**.

47.     Starbuzz is informed and believes, and on that basis alleges, that since

the Copyrighted Design was not finalized until November 5, 2015, Defendants

could not possibly have used the mark four months earlier, on July 2, 2015.  As

such, Defendants made said false statement knowing that the allegation could not

be supported.

48.     Defendants' application for federal registration of the Infringing Design as a trademark constitutes unlawful misappropriation of Starbuzz's intellectual property.

**FIRST CLAIM FOR RELIEF**
**[Copyright Infringement Under 17 U.S.C. § 101, et seq.]**
**(Against All Defendants)**

49.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 48, inclusive, of this Complaint as if fully set forth herein.

50.     Starbuzz is the original author and sole owner of the Copyrighted Design.

51.     The Copyrighted Design was fixed in a tangible medium when Starbuzz finalized the design.

52.     The Copyrighted Design consists of wholly original material and is copyrightable subject matter under the copyright laws of the United States.

53.     Starbuzz obtained registration of its copyright for the Copyrighted Design.

54.     Starbuzz and its Copyrighted Design are known to Defendants.

55.     Starbuzz is informed and believes, and on that basis alleges that, Defendants have misappropriated the Copyrighted Design and produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Starbuzz's copyrighted work without consent.

56.     Starbuzz is informed and believes, and on that basis alleges, that Defendants have been using the Infringing Design since at least 2017.

57.     Defendants' acts violate Starbuzz's exclusive rights under 17 U.S.C. §§ 106 and 501, including Starbuzz's exclusive rights to produce, reproduce, publically display, and distribute copies of its work, and create derivative works.

58.     Defendants have knowingly and willfully infringed, with the intent to financially gain from Starbuzz's copyrighted work.  Defendants have used, and continue to use, the Infringing Design in connection with the sale, marketing, and distribution of shisha tobacco and related products throughout the United States, including California.

59.     Starbuzz has not licensed or otherwise authorized Defendants to use the Copyrighted Design, or any works that are substantially similar to the Copyrighted Design.

60.     Defendants' copyright infringement has caused, and will continue to cause, substantial injuries, loss, and damage to Starbuzz's proprietary rights to the Copyrighted Design, in an amount to be determined at trial.

61.     Defendants' copyright infringement, and the threat of continuing infringement, has caused, and continues to cause, substantial and irreparable damage and injury to Starbuzz.  Thus, Starbuzz is also entitled to injunctive and equitable relief against Defendant under 17 U.S.C. § 502, and to an order under 17

U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of the Copyrighted Design be seized, impounded, and destroyed.

62.     Defendants are directly, contributorily, and/or vicariously liable for these actions.

**SECOND CLAIM FOR RELIEF**
**[Declaratory Relief for Plaintiff's Exclusive Rights in the Copyrighted Design Based on 17 U.S.C. § 102]**
**(Against All Defendants)**

63.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 62, inclusive, of this Complaint as if fully set forth herein.

64.     Starbuzz has exclusive rights in the Copyrighted Design to reproduce any copies, prepare derivative works, and distribute copies to the public.

65.     Defendants have used, and continue to use the Infringing Design, a design that is identical and/or substantially similar to Starbuzz's Copyrighted Design.

66.     Accordingly, a judicial determination is essential at this time with respect to Starbuzz's ownership rights in the Copyrighted Design and Defendants' use of an identical and/or substantially similar design. Therefore, Starbuzz seeks a declaration from this Court that Starbuzz owns a valid and enforceable copyright in the Copyrighted Design, and that Defendants' Infringing Design unlawfully infringes on the Copyrighted Design.

### THIRD CLAIM FOR RELIEF
**[Declaratory Relief for Samer's Ineligibility to Register the Infringing Design Based on 15 U.S.C. §§ 1119, 1064, and 1051]**
**(Against Samer)**

67.     Starbuzz re-alleges and incorporates by this reference paragraphs 1 through 66, inclusive, of this Complaint as if fully set forth herein.

68.     Recently, Starbuzz discovered that Samer misappropriated Starbuzz's Copyrighted Design and applied for registration of the Infringing Design as a trademark with the USPTO, Application Serial No. 87/818,151, entitled "G GOLDSTAR TOBACCO SINCE 2015" ("USPTO Application")

69.     Starbuzz's creation of the Copyrighted Design precedes Samer's application for registration for the Infringing Design.

70.     Starbuzz owns valid rights to the exclusive use of the Copyrighted Design.

71.     Starbuzz is informed and believes, and on that basis alleges, that Samer intentionally copied the Copyrighted Design and applied for registration of the Infringing Design with the intent to defraud the USPTO.

72.     Starbuzz is also informed and believes, and on that basis alleges, that Samer falsely asserted a date of first use of July 2, 2015 in the USPTO Application with the intent to defraud the USPTO.

73.     In order to obtain federal trademark registration, an applicant must demonstrate use of its mark as a trademark in commerce.  15 U.S.C. § 1127.  This

use in commerce must be a lawful use.  *See, e.g., CreAgri, Inc. v. USANA Health Sciences, Inc.*, 474 F.3d 626 (9th Cir. 2007).

74.   Starbuzz has not authorized Samer to use the Copyrighted Design, or any design substantially similar to the Copyrighted Design.  Thus, any use by Samer of the Infringing Design, including use as a trademark in connection with his products, infringes on Starbuzz's copyright and is unlawful.

75.   To prevent Samer from obtaining trademark registration for the Infringing Design, Starbuzz filed an Opposition against the application on February 25, 2019 (Opposition No. 91246615).  Starbuzz opposed the application on the grounds that Samer's use of the Infringing Design infringes on Starbuzz's Copyrighted Design and is thus an unlawful use in commerce.

76.   Since Samer is not the owner or an authorized user of the Copyrighted Design and Infringing Design, the USPTO should refuse registration, or cancel any resulting registration, pursuant to 15 U.S.C. § 1051.

77.   Since the USPTO does not have jurisdiction to determine copyright infringement issues, and since Starbuzz's claim of "unlawful use" is based on copyright infringement, the District Court is Starbuzz's only avenue of remedy with respect to Samer's infringing use of the Infringing Design as a trademark.

78.     Accordingly, a judicial determination is essential at this time finding that the logo in the USPTO Application is identical and/or substantially similar to the Copyrighted Design such that it infringes on Starbuzz's exclusive rights.

79.     Therefore, Starbuzz seeks a declaration from this Court that Samer's use of the Infringing Design as a trademark infringes on Starbuzz's copyright and constitutes unlawful use in commerce.

## PRAYER FOR RELIEF

WHEREFORE, Starbuzz respectfully prays for judgment against Defendants as follows:

## ON THE FIRST CLAIM

1.     An Order finding that Defendants have infringed Starbuzz's rights in the Copyrighted Design in violation of 17 U.S.C. § 501;

2.     An Order requiring Defendants to pay damages for their copyright infringement as actual damages in an amount to be determined at trial together with Defendants' profits derived from their unlawful infringement of the Copyrighted Design;

3.     A preliminary and permanent injunction, enjoining and prohibiting Defendants and any of their officers, directors, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from:

A.     Copying, reproducing, duplicating, disseminating, distributing, or using infringing copies of the Copyrighted Design, or any design or work substantially similar to the Copyrighted Design;

B.     Infringing on Starbuzz's Copyrighted Design;

C.     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (A) and (B) above;

4.     An Order requiring Defendants to deliver to Starbuzz for destruction any and all packaging, advertising and promotional materials, and any and all products embodying unauthorized copying of the Copyrighted Design;

5.     An Order that all materials containing the Infringing Design be recalled, seized, impounded and destroyed;

6.     An Order requiring the deletion or removal of the Infringing Design from any and all Internet websites, social media, storefronts, and any other accounts;

7.     Pre-judgment interest on any amounts awarded at the maximum legal rate as permitted by law and equity; and

8.     Any other and further relief as the Court deems appropriate, proper and just.

**ON THE SECOND AND THIRD CLAIMS**

1.      An Order finding that Starbuzz's copyright registration for the Copyrighted Design is valid and enforceable;

2.      An Order finding that Defendants' Infringing Design infringes on the Copyrighted Design;

3.      An Order finding that Samer is not the owner of the Infringing Design and registration of the Infringing Design is likely to cause damage to Starbuzz;

4.      An Order finding that Samer's use of the Infringing Design as a trademark infringes on Starbuzz's copyright and constitutes unlawful use in commerce;

5.      An order directing the Director of the USPTO to refuse Samer's USPTO Application (Ser. No. 87/818,151), or cancel any registration resulting from said application;

6.      Any other or further relief that the Court deems appropriate, proper, and just.

DATED: March 1, 2019                            Respectfully Submitted,
                                                **THE PATEL LAW FIRM, P.C.**

                                                _____
                                                Natu J. Patel
                                                Daniel H. Ngai
                                                Ellena Nguyen
                                                Attorneys for Plaintiff
                                                Starbuzz Tobacco, Inc.

Complaint

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiff Starbuzz Tobacco, Inc. hereby demands a trial by jury on all issues triable by jury.

DATED: March 1, 2019

Respectfully Submitted,
**THE PATEL LAW FIRM, P.C.**

_____

Natu J. Patel
Daniel H. Ngai
Ellena Nguyen
Attorneys for Plaintiff
Starbuzz Tobacco, Inc.

# Exhibit A



**Exhibit B**

Gold Star Tobacco (@goldstartobacco) • Instagram photos and videos

| Search | | Log In | Sign Up |



## goldstartobacco  [ Follow ]

**26** posts    **241** followers    **4** following

Gold Star Tobacco
goldstartobacco.com

POSTS                    TAGGED



Search    Log In    Sign Up



Case 8:19-cv-00408-JVS-DFM   Document 1   Filed 03/01/19   Page 27 of 37   Page ID #:27

Search

Log In

Sign Up



Gold Star Tobacco (@goldstartobacco) • Instagram photos and videos





 **goldstartobacco** • Follow

**goldstartobacco** #frenchtobacco
#blueberrymint #guava #grab #strawberry
#shisha #smoke #regency #blueberry
#blueberrymint #orange #orangemint
#gummint #gum #Bubblegum #100gm
#250gm #argila #nargila #vape #smokeshisha

**smokeys510** Keep on rockin!

**goldstartobacco** @smokeys510 thanks

**50 likes**

FEBRUARY 24, 2017

Log in to like or comment.





 goldstartobacco • Follow

goldstartobacco Gold star tobacco in TPE Show #hookah #franchtobacco #goldstartobacco #tobacco #bule #gummint

**34 likes**

FEBRUARY 3, 2018

Log in to like or comment.









# Exhibit C

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Karyn Temple Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VAu 1-313-168

**Effective Date of Registration:**
April 04, 2018

## Title
_____

Title of Work: Goldstar Tobacco Since 2012

## Completion/Publication
_____

Year of Completion: 2015

## Author
_____

- **Author:** Starbuzz Tobacco, Inc.
  **Author Created:** 2-D artwork
  **Work made for hire:** Yes
  **Domiciled in:** United States

## Copyright Claimant
_____

Copyright Claimant: Starbuzz Tobacco, Inc.
10871 Forbes Avenue, Garden Grove, CA, 92843, United States

## Certification
_____

Name: Majda Haddoudi
Date: April 04, 2018
Applicant's Tracking Number: S015-4516

Page 1 of 1



**Exhibit D**



**United States Patent and Trademark Office**

Home | Site Index | Search | FAQ | Glossary | Guides | Contacts | eBusiness | eBiz alerts | News | Help

## Trademarks > Trademark Electronic Search System (TESS)

*TESS was last updated on Tue Feb 12 03:31:06 EST 2019*

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | BOTTOM | HELP |

Logout   Please logout when you are done to release system resources allocated for you.

# Record 1 out of 1

| TSDR | ASSIGN Status | TTAB Status | *( Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **G GOLDSTAR TOBACCO** SINCE 2015 |
| **Goods and Services** | IC 034. US 002 008 009 017. G & S: Cigarettes; Hookahs; Smokers' articles, namely, hookah charcoal; Tobacco. FIRST USE: 20150702. FIRST USE IN COMMERCE: 20150702 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 01.01.09 - Stars, two ; Two stars<br>01.01.13 - Stars - multiple stars with five points<br>01.15.15 - Fire (flames), emanating from objects, words or numbers<br>19.05.25 - Boxes, cardboard (packing or storage) ; Cartons, packing or storage ; Dumpster ; Freight containers ; Other large containers ; Pallets for storing or moving cargo or freight ; shipping containers<br>26.01.17 - Circles, two concentric ; Concentric circles, two ; Two concentric circles |
| **Serial Number** | 87818151 |
| **Filing Date** | March 2, 2018 |
| **Current Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 11, 2018 |
| **Owner** | (APPLICANT) Samer Abdelmaseh INDIVIDUAL UNITED STATES P.O. Box 3254 South Amboy NEW JERSEY 08879 |
| **Attorney of Record** | Joseph E. Sutton |
| **Prior Registrations** | 4489270;4534288;4879623 |
| **Disclaimer** | NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TOBACCO SINCE 2015" APART FROM THE MARK AS SHOWN |
| **Description of Mark** | Color is not claimed as a feature of the mark. The mark consists of an enlarged letter "G" that surrounds the entire mark having an open space at the right side, and having a star shape in the open space; and the words "GOLDSTAR TOBACCO" are placed in a circular fashion within the enlarged letter "G", which forms an inner circular space and said circular space encloses a drawing of a flame placed in an open container, having above it the words "SINCE 2015". |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | SEARCH OG | TOP | HELP |