Natu J. Patel, SBN 188618
Daniel H. Ngai, SBN 302297
**THE PATEL LAW FIRM, P.C.**
22952 Mill Creek Drive
Laguna Hills, California 92653
Phone:      949.955.1077
Facsimile:  949.955.1877
NPatel@thePatelLawFirm.com
*Attorneys for Plaintiff,*
*Starbuzz Tobacco, Inc.*

K. TOM KOHAN
KOHAN LAW FIRM
3415 S. Sepulveda Blvd., Suite 460
Los Angeles, California 90034
Tel: 310-349-1111
Fax: 888-476-7010
*Attorneys for Defendant and*
*Counterclaimant Gold Star Tobacco, Inc., and*
*Defendant Samer Abdelmaseh*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARBUZZ TOBACCO, INC., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> GOLD STAR TOBACCO INC., a New Jersey corporation; SAMER ABDELMASEH, an individual; and DOES 1-10, inclusive, <br><br> Defendants. <br> AND RELATED COUNTERCLAIMS AND THIRD PARTY COMPLAINT | Case No.: 8:19−cv−00408 JVS (DFMx) <br> **Honorable James V. Selna** <br><br> **JOINT REPORT PURSUANT TO FRCP 26(f)** |

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order Setting Rule 26(f) Scheduling Conference dated March 13, 2019 [ECF No. 13], Plaintiff and Counter-Defendant Starbuzz Tobacco, Inc. ("Starbuzz" or "Plaintiff"), in conjunction with Defendant and Counterclaimant Gold Star Tobacco, Inc. ("Gold Star") and Defendant Samer Abdelmaseh ("Samer") hereby submit the following Joint Rule 26(f) Report. Gold Star and Abdelmaseh are collectively referred herein as "Defendants."

## JOINT RULE 26(f) REPORT

a. **Synopsis**

*Plaintiff's Statement*

Starbuzz filed this lawsuit against Defendants because Defendants have adopted a logo that is identical or substantially similar to a logo designed by Starbuzz in November 2015.

Prior to 2015, Gold Star did not exist. In or around 2015, Starbuzz and Samer began discussing plans to enter into a business venture together for the manufacture and sale of shisha tobacco co-branded under the label "Gold Star Tobacco." Gold Star was incorporated in the State of New Jersey on June 17, 2015.

In or around November 2015, Starbuzz designed a logo for use in its planned business venture with Defendants:



("Copyrighted Design")

The logo was created by Starbuzz to be used for the planned business venture between Starbuzz and Defendants, which subsequently did not materialize.

In or around 2018, Starbuzz learned that Defendants adopted a design that is identical or substantially similar to the Copyrighted Design for use in connection with Defendants' business:



("Infringing Design" as shown on Defendants' product packaging)

Starbuzz did not consent or otherwise authorize Defendants to misappropriate the Copyrighted Design or to adopt the Infringing Design. To make matters worse, on March 2, 2018, Samer filed an application with the United States Patent and Trademark Office ("USPTO") to register the Infringing Design as a design trademark. (USPTO Serial No. 87/818,151).

To protect its rights, Starbuzz applied to register the Copyrighted Design in the United States Copyright Office on April 4, 2018. Subsequently, the Copyright Office issued a Certificate of Registration for the Copyrighted Design with an effective date of April 4, 2018 (Registration No. VAu 1-313-168).

On March 1, 2019, Starbuzz initiated this action in an effort to halt Defendants' unauthorized use the artwork designed by Starbuzz, and to protect its intellectual property from intentional copying and infringement.

In response, Gold Star filed a counterclaim to invalidate Starbuzz's USPTO registration for the Copyrighted Design, and has further filed a frivolous third-party complaint against Starbuzz's CEO, Wael Elhalwani, in an attempt to improperly link Mr. Elhalwani to this lawsuit in his individual capacity.

*Defendants' Statement*

This is an egregious case of copyright misuse based on an invalid copyright wherein Plaintiff seeks to damage Defendants' business as retribution for Defendants deciding not to do business with Plaintiff. Specifically, Plaintiff seeks to enforce a copyrighted design against Defendants: **(a)** that was created by Defendant Samer Abdelmaseh, and not created by Plaintiff Starbuzz, **(b)** that was copied and/or derived from Defendants' prior GOLD STAR word trademarks and GOLD STAR circular flame logo trademark and star logo (hereinafter the "Gold Star Trademark and Flame Logo"), and **(c)** wherein Plaintiff never disclosed this material information to the U.S. Copyright Office when it filed its application for the copyright registration in suit. Thus, Defendants deny Plaintiff's allegations in the Complaint, including the claim that Plaintiff has a **valid** copyright on the "Gold Star Trademark and Flame Logo," and Defendants' assert that the accused design is substantially similar to Gold Star Trademark and Flame Logo.

More specifically, Defendants assert that Starbuzz's asserted copyright registration No. VAu 1-313-168 dated April 4, 2018 (shown below), which, on information and belief, **has never been used by Starbuzz to market and/or sell any of its products**, is invalid for at least the following reasons:



**(1)** On information and belief, Starbuzz and/or Wael Elhalwani, Starbuzz's president and owner, knowingly and illegally copied and/or derived the above copyrighted design from Samer's earlier GOLD STAR word trademarks and GOLD STAR circular flame logo trademark (shown below featuring 5 pointed stars)

without any authorization from Samer Abdelmaseh. As evidence of prior use in 2013, Samer filed with the U.S. Trademark Office the following labels prominently showing the GOLD STAR flame logo with stars (shown below) in Samer's GOLD STAR trademarks Reg. Nos. 4,489,270 and 4,668,495.



**(2)** Defendant Samer Abdelmaseh of Gold Star, and not Starbuzz, created the design that is the subject of Starbuzz's asserted invalid copyright registration No. VAu 1-313-168 and Plaintiff copied it from Defendants' earlier "GOLD STAR word trademarks and GOLD STAR circular flame logo trademark."

Specifically, in or around November 2015, Wael S. Elhalwani, the president and owner of Starbuzz, had already researched Defendants' earlier "GOLD STAR word trademarks and GOLD STAR circular flame logo trademark" in order to ensure that Defendants' had legal rights to the GOLD STAR brand and flame logo. After Wael had knowledge of Defendants' legal rights to their "GOLD STAR word trademarks and GOLD STAR circular flame logo trademark," Samer Abdelmaseh of Gold Star and Wael S. Elhalwani met in Jordan to discuss plans to enter into a business venture together for the manufacture and sale of shisha tobacco sold under

1  Gold Star's "GOLD STAR word trademark and the flame logo trademark" and using
2  the label "Gold Star Tobacco."
3    During November 2015, Samer Abdelmaseh had a meeting with Wael
4  Elhalwani and Samer gave Wael a copy of Samer's "GOLD STAR word trademarks
5  and GOLD STAR circular flame logo trademark (with stars)" and the "Gold Star
6  Charcoal" label (shown below), that had previously been filed with the U.S.
7  Trademark Office as a proof of use in U.S. trademark registration nos. 4,489,270
8  and 4,668,495 and use in commerce as early as 2013, shown below.



21    In fact, Wael chose to put the words "SINCE 2012" in the copyrighted design-
22  in-suit based on his research indicating that 2012 was the year that Samer
23  Abdelmaseh first filed its GOLD STAR trademark with the U.S. Trademark Office.
24  This is further evidence that Wael knew that the above Plaintiff's copyrighted design
25  was based on and copied from Samer's earlier "GOLD STAR word trademarks and
26  GOLD STAR circular flame logo trademark." Samer Abdelmaseh never gave
27  authorization to Starbuzz to create, register, or use the design that is the subject of
28  Copyright Registration No. VAu 1-313-168.

Joint Report Pursuant to FRCP 26(f)

In addition, Starbuzz and Gold Star both had trade show booths at the TPE 2017 trade show in January 2017. At the show, Gold Star prominently displayed its "GOLD STAR Trademark and Flame Logo," and Starbuzz participants saw Gold Star's Trademark and Flame Logo being used publicly. See attached photos at the show. The evidence contradicts Starbuzz's statement that Starbuzz first saw the Gold Star Logo in 2018.

**(3)** On information and belief, in order for Starbuzz to be granted a Certificate of Registration for the copyrighted design-in-suit by merely filing it and not receive a rejection, Starbuzz, Wael Elhalwani, and/or at the direction and instruction of Wael Elhalwani, had to: **(a)** knowingly fail to inform the Copyright Office of Gold Star's earlier "GOLD STAR word trademarks and GOLD STAR circular flame logo trademark" (which bears the identical flame design enclosed in a circle with Defendants GOLD STAR trademark); **(b)** Starbuzz falsely misrepresented to the Copyright Office that the entirety of the trademark and artwork was an original work by Starbuzz, and that the work was completed by Starbuzz in 2015; and **(c)** Starbuzz failed to notify the Copyright Office that Starbuzz did not have a license from Samer, the owner of the earlier "GOLD STAR word trademarks and GOLD STAR circular flame logo trademark."

**(4)** Upon information and belief, but for Starbuzz's and/or its owner's, Wael Elhalwani's, knowing and intentional false withholding of this material information from the Copyright Office concerning the source of the Flame Logo. Starbuzz would NOT have been issued a certificate of copyright registration granting copyright protection for the entirety of the Starbuzz copyright application showing the Gold Star word trademark and Flame Logo. That is, if the Copyright Office been told the truth by Starbuzz that Starbuzz's alleged copyrighted work that was registered under the '168 Copyright Registration **had been copied** from Samer's preexisting "GOLD STAR word trademarks and GOLD STAR circular Flame logo trademark," then the **Copyright Office would have refused to register** Starbuzz's

copyright application because the application failed to identify Gold Star's preexisting GOLD STAR Trademark and Flame Logo from 2013 and 2014. The conduct of Starbuzz and its owner, Wael Elhalwani, constitutes knowingly false and material misrepresentations to the Copyright Office and to this Court. *See Unicolors, Inc. v. Burlington Stores, Inc., et al.*, No. CV 15-3866 DMG (ASx), Dkt.32 (C.D. Calif. Dec. 10, 2015).

**(5)** Also, Samer Abdelmaseh, on behalf of Gold Star, filed a copyright in the U.S. Copyright Office for its GOLD STAR CHARCOAL designs (shown above) entitled "GOLD STAR CHARCOAL AND FLAME ARTWORK" (Service Request#: 1-7115242532) which claims a first publication date of November 9, 2013, as shown below.



In view of the foregoing, Plaintiff Starbuzz's Copyright Registration VAu 1-313-168 is **invalid and unenforceable**. As such, said copyright registration is not capable of sustaining Starbuzz's claims for copyright infringement. For the same reasons, Starbuzz is also improperly requesting that Defendants' "G GOLDSTAR TOBACCO SINCE 2015" trademark application (Ser. No. 87/818,151) is ineligible for registration with the U.S. Trademark Office.

b. **Legal Issues**

*Plaintiff's Statement*

The merit of Starbuzz's copyright claims constitutes the central legal issues in its action.

*Defendants' Statement*

Defendants anticipate the following legal issues in this case:

1. Whether Plaintiff owns a legally valid Copyright for the subject design-in-suit;

2. The scope of the Copyright-in-suit;

3. The proper determination of Plaintiff's damages if any since Plaintiff has never used the copyrighted design in suit in commerce and if it were to do so it would infringe Defendants' trademark rights to its GOLD STAR CHARCOAL trademark and flame logo design; and

4. The proper determination of Defendants' profit (should Plaintiff prevail on its liability claim), both with respect to allowable deductions from revenue for the GOLD STAR Trademark and Flame Logo, as well as the apportionment of the alleged infringement to the sale of the subject charcoal boxes.

c. **Damages**

*Plaintiff's Statement*

Starbuzz seeks an award of damages that includes (1) Defendants' profits; (2) prejudgment interest; (3) actual, special, or consequential damages; and (4) general damages. Starbuzz also requests injunctive remedies against Defendants, as well as the cancellation and/or denial of the trademark application for Samer's Infringing Design by the USPTO. Starbuzz requires discovery from Defendants and expert analysis to determine a realistic range of such provable damages.

*Defendants' Statement*

Defendants dispute that Plaintiff is entitled to the categories of damages claimed in the foregoing paragraph as a matter of law.

Joint Report Pursuant to FRCP 26(f)

Further, Defendants dispute that Plaintiff is entitled to any damages caused to Plaintiff because Starbuzz has never used and cannot currently sell any products bearing the copyrighted design that is the subject of Starbuzz's copyright-in-suit because it includes Samer's registered GOLD STAR Trademark and Flame logo.

In addition, Defendants seek declaratory judgment from this Court declaring that Plaintiff's Copyright Registration VAu 1-313-168 is **invalid and unenforceable** and therefore incapable of sustaining a claim of copyright infringement against Gold Star and Samer Abdelmaseh in connection with the GOLD STAR Trademark and Flame Logo. Further, Defendants seek injunctive relief, including an order permanently enjoining Counter-Defendant Starbuzz Tobacco, Inc. and Third Party and Counter Defendant Wael S. Elhalwani from: **(1)** asserting Copyright Registration VAu 1-313-168 against Gold Star and Samer Abdelmaseh or any third party; **(2)** using, displaying, or distributing its instruction manual that displays the "©" symbol or in any other manner claiming copyright protection in the Design entitled "GOLDSTAR TOBACCO SINCE 2012"; and **(3)** acting in any manner which would cause any third party to believe that Starbuzz Tobacco, Inc. and/or Wael S. Elhalwani holds a valid copyright in "GOLDSTAR TOBACCO SINCE 2012".

### d. <u>Insurance</u>

*Plaintiff's Statement*

Starbuzz is not currently aware of any insurance coverage for its claims against Defendants.

*Defendants' Statement*

Defendants' do not have insurance coverage for this dispute.

### e. **Motions**

*Plaintiff's Statement*

Starbuzz is currently in the process of meeting and conferring with Defendants' regarding the deficiencies of the Answer, Counterclaim, and Third Party Complaint. Depending on the outcome, Starbuzz may file certain motions to seek remedies with the Court. Starbuzz further reserves the right to amend its pleadings to add parties and/claims, pending further discovery as permitted by applicable law.

*Defendants' Statement*

Defendants assert that Starbuzz's asserted copyright registration No. VAu 1-313-168 dated April 4, 2018, is invalid on its face because Starbuzz knowingly and illegally copied it from and/or knowingly and illegally derived it from Gold Star Tobacco, Inc.'s prior trademarked GOLD STAR CHARCOAL circular flame logo (that was filed as a specimen of use for Gold Star Tobacco, Inc.'s U.S. trademark registration nos. 4,489,270 and 4,668,495, and was used in commerce as early as 2013)(shown below) without any authorization from Gold Star. Moreover, because Starbuzz knowingly failed to inform the Copyright Office of Gold Star's prior design(s) when Starbuzz registered its asserted copyrighted design, it is invalid.

**(1)** Accordingly, pursuant to 17 U.S.C. § 411 (b)(2), Defendants hereby request that Plaintiff stipulate to an Order of the Court requesting the Registrar of Copyrights to "advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." I**f Plaintiff does not so stipulate**, **Defendants hereby request permission from the Court** to file a Motion requesting such relief. Depending on the time frame necessary to receive a response from the Registrar of Copyrights, Defendants hereby also request **a stay of this case**, including a **stay of the voluminous discovery requests**, until a response is received from the Copyright Office. *See Unicolors, Inc. v. Burlington Stores, Inc.*,

*et al.*, No. CV 15-3866 DMG (ASx), Dkt.32 (C.D. Calif. Dec. 10, 2015)(order granting defendants' motion for issuance of request to register of copyrights, and **staying discovery** pending a response from the Register of Copyrights).

    **(2)   MOTION BY GOLD STAR AGAINST STARBUZZ FOR MALICIOUS PROSECUTION**

    **a)**   Starbuzz falsely registered the 2018 copyright registration which it cannot use and does not use because it includes the GOLD STAR word trademark and the Flame Logo that was first used by Samer Abdelmaseh in 2013;

    **b)**   Starbuzz failed to advise the Copyright Office that Gold Star created the GOLD STAR word trademark and the Flame Logo, so the Starbuzz copyright registration is invalid on its face;

    **c)**   The Court should not allow Starbuzz to use an invalid copyright registration, which on its face is invalid, to harass and maliciously prosecute this federal lawsuit against Gold Star;

    **d)**   Accordingly, Gold Star hereby requests the Court's permission to immediately file a **Motion** against Starbuzz to **Stay** Starbuzz's voluminous 6 sets of discovery requests served on Gold Star on April 23, 2019 based on Starbuzz asserting a clearly invalid copyright registration against Gold Star to maliciously prosecute this federal lawsuit against Gold Star.

    **f.**   **Discovery and Experts**

*Plaintiff's Statement*

Plaintiff has served its first set of discovery requests to Defendants. The parties anticipate deposing the individuals and entities disclosed in their respective Rule 26(a) Initial Disclosures, which they will exchange on April 29, 2019. The parties further plan to depose other percipient and expert witnesses. The parties anticipate propounding document requests, interrogatories and requests for admission directed at the "subjects of which discovery may be needed," as listed

in the section below. The parties do not anticipate needing to deviate from the maximum number of written discovery requests and depositions established by the federal rules.

The parties plan to complete all non-expert discovery by the proposed fact discovery cut-off date of May 19, 2020. The parties propose a deadline of until June 16, 2020 to file discovery motions, if necessary. The parties propose to complete expert-related discovery by May 19, 2020.

*Defendants' Statement*

Defendants anticipate utilizing all discovery allowed under Rule 26, including requests for documents, interrogatories, and requests for admissions. The subjects on which Defendants will need discovery include, but are not limited to, Plaintiff's lack of creation of the copyright in suit, lack of originality, copying from Samer's Gold Star trademark and Flame Logo, and/or ownership of the copyrighted design at issue, the basis for alleged infringement, the lack of notice to Defendants, the innocence of Defendants, and the lack of damages, if any.

In addition, Defendants anticipate and reserve their right to use at least a Copyright Expert and a Damages Expert.

### g. Dispositive Motions

*Plaintiff's Statement*

Starbuzz may file a motion for partial summary judgment and/or summary judgment. Starbuzz reserves the right to serve and file additional motions as the need arises.

*Defendants' Statement*

Defendants dispute the foregoing, and expect that they may file a Motion for Summary Judgment. Defendants also reserve the right to serve and file additional motions as the need arises.

### h. Settlement and settlement mechanism

*Plaintiff's Statement*

The parties discussed the possibility of settlement during the Rule 26(f) conference of counsel, but no settlement was reached. The parties are open to participating in mediation. If necessary, Plaintiff prefers mediation with a private mediator.

*Defendants' Statement*

The parties discussed the possibility of settlement during the Rule 26(f) conference of counsel, but no settlement was reached. The parties are agreeable to participating in mediation with a Magistrate Judge if available. Defendants do not agree to using a private mediator.

### i. Trial Estimate

*Plaintiff's Statement*

Plaintiff requests a jury trial on all issues triable by jury, and estimates that trial will take approximately five to seven court days due to the issues, counterclaims, and third-party claims in this matter.

*Defendants' Statement*

Defendants anticipate a jury trial and estimate a trial of 3-5 days. Defendants anticipate calling 5 witness.

### j. Timetable

The parties' proposed timetable is set forth in **Exhibit A**, attached herewith.

### k. Other Issues

The parties are in the process of finalizing a proposed stipulation for protective order for the Court's approval within 30 days.

### l. Conflicts

*Plaintiff's Statement*

Plaintiff has already filed a certificate of interested parties [ECF No. 3].

*Defendants' Statement*

Defendants have already filed a certificate of interested parties [ECF No. 19].

**m.    Patent Cases**

No patents are at issue in this lawsuit.

DATED: April 29, 2019                    Respectfully Submitted,
                                         **THE PATEL LAW FIRM, P.C.**


                                         /s/ *Daniel H. Ngai*
                                         Natu J. Patel
                                         Daniel H. Ngai
                                         Attorneys for Plaintiff and Counter-
                                         Defendant, Starbuzz Tobacco, Inc.

DATED: April 29, 2019                    Respectfully Submitted,
                                         **KOHAN LAW FIRM**


                                         /s/ *K. Tom Kohan*
                                         K. Tom Kohan
                                         Attorneys for Defendant and
                                         Counterclaimant Gold Star Tobacco,
                                         Inc., and Defendant Samer
                                         Abdelmaseh

**CERTIFICATE OF SERVICE**
CENTRAL DISTRICT OF CALIFORNIA
Starbuzz Tobacco, Inc. v. Gold Star Tobacco, Inc., et al.:
Case No.: SACV19-00408 JVS (DFMx)

The undersigned certifies that on April 29, 2019, the following documents and all related attachments ("Documents") were filed with the Court using the CM/ECF system.

**JOINT REPORT PURSUANT TO FRCP 26(f)**

Pursuant to L.R. 5-3.2, all parties to the above case and/or each attorneys of record herein who are registered users are being served with a copy of these Documents via the Court's CM/ECF system. Any other parties and/or attorneys of record who are not registered users from the following list are being served by first class mail.

s/ *Natu J. Patel*
Natu J. Patel

# EXHIBIT A

**JUDGE JAMES V. SELNA**
**PRESUMPTIVE SCHEDULE OF PRETRIAL DATES**

| Matter | Time | Weeks before trial | Plaintiff's Request (Insert specific date) | Defendant's Request (Insert specific date) | Court Order |
|---|---|---|---|---|---|
| Trial date (jury) (court) Estimated length: _____ days | 8:30 a.m. (Tuesdays) | | 9/1/20 | | |
| [Court trial:] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | −1 | 8/25/20 | | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed−to Statement of Case | 11:00 a.m. (Mondays) | −2 | 8/17/20 | | |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re Settlement | | −3 | 8/11/20 | | |
| Last day for hand−serving Motions in Limine | | −6 | 7/21/20 | | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | −7 | 7/13/20 | | |
| Last day for hand−serving motions and filing (other than Motions in Limine). | | −11 | 6/16/20 | | |
| Non−expert Discovery cut−off | | −15 | 5/19/20 | | |

ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16−14 Settlement Choice: (1) CT/USMJ (2) Court Mediation Panel (3) Private ADR

| | | | | | |
|---|---|---|---|---|---|
| Expert discovery cut−off | | | 5/19/20 | | |
| Rebuttal Expert Witness Disclosure | | | 4/29/20 | | |
| Opening Expert Witness Disclosure [See F.R.Civ.P. 26(a)(2)] | | | 3/20/20 | | |
| Last day to conduct Settlement Conference | | | | | |
| Last day to amend pleadings or add parties | | | | | |

Revised 4−14−16